## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
## JIEMIN BAI

I, Justin Botzet, being first duly sworn, depose and state as follows:

### AFFIANT'S BACKGROUND

1. I am a Federal Officer with United States Secret Service Uniform Division ("USSS/UD"), where I have served since February 26, 2015. I am currently assigned to the White House Branch, Patrol Unit. My duties and responsibilities, among other things, include securing the outer perimeter of the White House complex. I have attended the Uniform Police Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, and the Secret Service Uniform Division Training Program at the Rowley Training Center in Beltsville, Maryland.

2. The information set forth in this Affidavit is known to me as a result of an investigation personally conducted by me and other law enforcement officers. Thus, the statements contained in this Affidavit are based in part on information provided to me by other officers and USSS investigators.

3. The information provided in this Affidavit is provided for the limited purpose of showing there is probable cause for the requested complaint and does not set forth all my knowledge regarding this matter.

### PURPOSE OF AFFIDAVIT

4. This Affidavit is made in support of a criminal complaint charging **JIEMIN BAI** (hereafter BAI) with violations of

    a. Title 18 USC §§ 111(a)(1) and (b) forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with designated individuals engaged in or on account of the performance of their official duties, involving physical contact with the victims, and one of the victims sustained a bodily injury as a result of such acts.

    b. Title 18 USC § 118 knowingly and willfully obstructing, resisting, or interfering with a Federal law enforcement agent engaged, within the United States or the special maritime territorial jurisdiction of the United States, in the performance of the protective functions authorized under section 37 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 2709) or section 103 of the Diplomatic Security Act (22 U.S.C. 4802) shall be fined under this title, imprisoned not more than 1 year, or both.

## FACTUAL BASIS SUPPORTING PROBABLE CAUSE

5. On Wednesday, January 30, 2019, at approximately 1252 hours, your Affiant, Officer Justin Botzet (#1676,) Officer Stewart Busch (#0088,) Officer Susan Velasco (#1901,) and Sergeant Mark Ditty (#S226,) who were assigned to Bike Patrol at the White House, were held in the area of the east side of 17th Street near the intersection with F Street in the Northwest quadrant of Washington D.C. for a movement of a United States Secret Service protected person. All officers are assigned to the United States Secret Service Uniform Division. All of the officers were in full uniform which included vests with markings on the front, back, and sleeves, and a badge on the front of their vests, identifying the officers as USSS Officers.

6. While on this assignment, the Metropolitan Police Department (MPDC) was held near the west side of 17th Street near the intersection with F Street in the Northwest quadrant of Washington D.C. for a motorcade involving official representatives of a foreign government. The official representatives of a foreign government were not under direct protection of USSS, but were under the protection of the Department of State's Diplomatic Security Service. USSS officer on the scene agreed to assist the protection of the motorcade.

7. Your Affiant and Officer Busch were approached by MPDC officers who informed us that a group of demonstrators were positioned on the side walk on the east side of 17th Street with the intent of blocking the motorcade route upon its departure. The MPDC officers placed police tape stating "Police Line Do Not Cross" on the street side of the east sidewalk on 17th street and also identified several individuals as being seen at the Willard hotel earlier in the day attempting to block routes of travel for the official representatives of the foreign government. One of the individuals that MPDC identified was later identified with a United States Employment Authorization Card as Mr. Jiemin Bai.

8. As the official representatives of the foreign government entered their motorcade, officers observed Mr. Bai walking up and down the east side of 17th Street in an apparent attempt to locate a path to the motorcade that was not blocked by officers. Upon departure of the motorcade carrying the official representatives of the foreign government, Your Affiant witnessed Mr. Bai running north on 17th Street, following the path of the motorcade. Your Affiant and other officers moved along 17th Street in an attempt to block Mr. Bai and others from gaining access to the motorcade. Mr. Bai ducked under the police tape on 17th Street, and began to move toward the motorcade. After Mr. Bai passed under the police tape, Sgt. Ditty extended his arm in an attempt to block Mr. Bai and instructed Mr. Bai to stop.

9. Your Affiant assisted Sgt. Ditty as Mr. Bai tried to push past us in an attempt to get to the motorcade. Your Affiant and Sgt. Ditty tried to control Mr. Bai as he continued to try to force his way past your Affiant and Sgt. Ditty. In the process, Sgt. Ditty fell to the ground

and Mr. Bai landed on top of Sgt. Ditty's right leg resulting in an injury requiring emergency room medical treatment.

10. Your Affiant laid on top of Mr. Bai and held him on the ground as the vehicles from the motorcade passed. Mr. Bai continued to resist and push your Affiant, and was placed in handcuffs and escorted back onto the sidewalk.

11. At 1311 hours, Mr. Jiemin Bai was placed under arrest for Crossing a Police Line and Assaulting a Police Officer at 600 17th Street Washington D.C. N.W.

12. Sgt. Ditty was transported to GW Hospital by DCFD Medic #23. Your Affiant has been advised that Sgt. Ditty has torn ligaments in his knee as a result of this incident, and that he will undergo surgery to repair the injury in the coming days.

13. Mr. Bai was given a copy of PD-55 (Notification of Consular Office), and advised of his right to contact his countries nearest consular office or embassy without delay.

## CONCLUSION

14. Based on the abovementioned facts, I submit there is probable cause to believe that on January 30, 2019, JIEMIN BAI

    a. forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with designated individuals engaged in or on account of the performance of their official duties, such acts involved physical contact with the victims, and one of the victims sustained a bodily injury as a result of such acts, in violation of Title 18 USC §§ 111(a)(1) and (b);

    b. knowingly and willfully obstructed, resisted, or interfered with a Federal law enforcement agent engaged, within the United States or the special maritime territorial jurisdiction of the United States, in the performance of the protective functions authorized under section 37 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 2709) or section 103 of the Diplomatic Security Act (22 U.S.C.4802) in violation of Title 18 USC § 118.

_____
Justin Botzet, Officer
United States Secret Service Uniform Division

Subscribed and sworn before me this _____ day of January, 2019.

_____
Hon. Deborah A. Robinson
United States Magistrate Judge